# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA McLAUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,[1]<br><br>Defendant.<br>_____/ | Case No. 1:18-cv-00967-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.     INTRODUCTION

On July 18, 2018, Plaintiff Barbara McLaughlin ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on June 20, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. BACKGROUND

### A. Procedural History

On September 11, 2014, Plaintiff protectively filed a claim for DIB payments, alleging she became disabled on August 15, 2014, due to nerve damage in her left arm and hand, diabetes, hepatitis C, arthritis, knee pain, depression, anxiety, memory loss, and difficulty learning and retaining information. (Administrative Record ("AR") 17, 19–20, 80, 185–86, 201, 204–205, 223, 229.) Plaintiff was born on July 2, 1963 and was 51 years old on the alleged disability onset date. (AR 25, 80, 93, 185.) Plaintiff has a college degree and worked as a customer service representative at a wireless mobility company from April 2001 to August 2014. (AR 47–54, 65, 206–207.)

The Commissioner denied Plaintiff's application for benefits initially on January 8, 2015, and again on reconsideration on April 27, 2015. (AR 105–108, 112–118.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 118–131.) On April 10, 2017, Plaintiff appeared with counsel and testified before an ALJ as to her alleged disabling conditions. (AR 41–64.) A vocational expert ("VE") also testified at the hearing. (AR 64–77.) Plaintiff testified that she has chronic pain in her left arm and arthritis in her lower back, knees, and neck. (AR 45–46, 56–57, 63.) Plaintiff also testified that she suffers from depression and anxiety, which causes problems with her memory. (AR 60–61.)

On June 13, 2017, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 17–26.) Plaintiff submitted a notice of her request to reopen the case pursuant to 20 C.F.R. § 404.988 to the Appeals Council on August 10, 2017 (AR 184), and to the ALJ on August 15, 2017 (AR 12–13). With her request to reopen the case, Plaintiff submitted post-decision evidence. (AR 12–13.) The evidence consisted of a Psychological Evaluation report of Dr. J. Zhang, Psy.D, dated May 23, 2015. (AR 31–36.)

On June 5, 2018, the Appeals Council denied the request for review (AR 1–6), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. The "Notice of Appeals Council Action" denying review sets forth the Appeals Council's finding that Dr.

---

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 5, 6.)

Zhang's report "does not show a reasonable probability that it would change the outcome of the decision" and indicates that the Council "did not consider and exhibit this evidence." (*See* AR 2.)

**B.     The ALJ's Decision**

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 19–26.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 15, 2014 (step 1). (AR 19.) The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine and obesity (step 2). (AR 19–21.) However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step 3). (AR 21.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3] and applied the RFC assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

The ALJ determined that Plaintiff retained the RFC:

> to perform medium work as defined in 20 C.F.R. [§] 404.1567(c) except she can lift and carry 25 pounds frequently and lift 50 pounds occasionally; stand and/or walk six hours; sit six hours in an eight-hour workday; frequently push and pull with the left upper extremity; and occasionally climb ladders, ropes, and scaffolds and reach overhead with the bilateral extremities. She can frequently perform handling with the left upper extremity; frequently stoop, crouch, crawl, balance, kneel, and climb ramps and stairs. She can also perform work with no more than occasional exposure to a cold or damp environment.

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

(AR 21.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" she rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 22.)

On the basis of this RFC assessment, the ALJ found that Plaintiff was able to perform her past relevant work as a customer service representative (step four). (AR 24–25.) In making this determination, the ALJ posed a series of hypothetical questions to the VE based upon Plaintiff's RFC. (AR 24–25, 57–60.) In response, the VE testified that a person with the specified RFC could perform Plaintiff's past work. (AR 23–24, 66–72.)

### III. LEGAL STANDARD

#### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the

4

| | |
|---|---|
| 1 | ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled. |
| 2 | |

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole,

weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

## IV. DISCUSSION

### A. Plaintiff Fails to State a Colorable Constitutional Claim

Plaintiff alleges that Dr. Zhang's report constitutes "new and material evidence" sufficient to justify reopening her DIB application under 20 C.F.R. §404.988, and that the Appeals Council violated her due process rights by denying her request to reopen the application. (Doc. 16 at 5–7.)

#### 1. Applicable Law

An Appeals Council's denial of a request for review or a denial of a request to reopen a claim is a discretionary decision and is therefore generally not subject to judicial review. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008); *see also Udd v. Massanari*, 245 F.3d 1096, 1098–99 (9th Cir. 2001) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997). However, a discretionary decision by the Administration that is not a final decision may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans*, 110 F.3d at 1482 (citing *Sanders*, 430 U.S. at 109); 42 U.S.C. § 405(g). This "exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd*, 245 F.3d at 1099 (internal quotation marks and citation omitted).

"An allegation of mental impairment can form the basis of a colorable constitutional claim," however, "if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." *Klemm*, 543 F.3d at 1144–45; *see also Udd*, 245 F.3d at 1099; *Evans*, 110 F.3d at 1483. The claim, however, must be supported by facts. *Klemm*, 543 F.3d at 1144. Thus, a "mere allegation of a due process violation" or a due process challenge that is "wholly insubstantial, immaterial, or frivolous" is not a colorable constitutional claim. *Id.* (internal quotation marks and citation omitted); *Udd*, 245 F.3d at 1100 (quoting *Boettcher v. Sec'y of Health & Human Serv.*, 759 F.2d 719, 722 (9th Cir. 1985)).

///

### **2. Analysis**

Plaintiff contends that she suffers from depression and memory problems and that these mental disabilities "prevented her from pursuing administrative remedies prior to the decision of the [ALJ]." (Doc. 16 at 7.) While there is some support in the record that Plaintiff had difficulties with memory (*see* AR 22)—which would explain why she did not submit Dr. Zhang's report to the ALJ prior to or at the time of her hearing—Plaintiff fails to show *how* these difficulties have given rise to a colorable due process claim. Plaintiff does not allege her memory problems rendered her unable to understand the process for obtaining a hearing before the ALJ or for seeking review of the ALJ's adverse decision. *See, e.g., Voorhes v. Astrue*, No. C–08–4951 MMC, 2009 WL 1955804, at *2–3 (N.D. Cal. July 2, 2009) (no colorable constitutional claim alleged where the plaintiff's allegations concerned his "difficulties in obtaining judicial review, not an inability to understand his right to do so or the process related thereto"); *see also Klemm*, 543 F.3d at 1145 n.4 (holding "[i]n order to allege a colorable due process violation . . . [the plaintiff] must present facts to show that he lacked the capacity to *understand* the review process"). Indeed, Plaintiff had a hearing before the ALJ (AR 19–26) and sought review of the ALJ's decision before the Appeals Council (AR 1–6, 184). *See, e.g., Geschke v. Soc. Sec. Admin.,* No. C13–1069 MJP–BAT, 2013 WL 6632119, at *8 (W.D. Wash. Dec. 17, 2013) (no colorable constitutional claim alleged where, even though the plaintiff was not able to present information to the ALJ, she "still had alternative avenues to be meaningfully heard," including having appealed the ALJ's decisions to the Appeals Council); *Puckett v. Colvin*, Case No. C13-492 BAT, 2013 WL 11319021, at *4 (W.D. Wash. Aug. 26, 2013) (no denial of due process where the plaintiff had the opportunity to request review after the ALJ issued the decision). Plaintiff was also afforded the opportunity to submit Dr. Zhang's report to the Appeals Council as part of her request for review of the ALJ's decision, which she did (AR 2). Further, Plaintiff was represented by counsel at every stage of the proceedings before the ALJ (AR 39, 109–110) and the Appeals Council (AR 184). *See Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *6 (N.D. Cal. Apr. 7, 2011) ("[A] finding that [the plaintiff] was unable to understand the review process because of her mental impairment is not sufficient to assert a colorable constitutional due process claim here if [the plaintiff] was represented during the period

at issue."). *Cf. Evans*, 110 F.3d at 1483 (an allegation of mental impairment, together with the fact that claimant was not represented by counsel throughout the proceedings, is sufficient to assert a colorable constitutional claim); *Udd*, 245 F.3d at 1099 ("[w]here a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim"). Finally, Plaintiff has exercised her meaningful right to be heard by filing the instant action, which challenges the ALJ's failure to evaluate her mental health impairments. *See, e.g, Geschke*, 2013 WL 6632119, at *8 (declining to find the plaintiff alleged a colorable constitutional claim in view of her having brought a lawsuit challenging the ALJ's decision on the same issue).

Other than her naked assertion that she was "denied a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination," Plaintiff cites no legal authority nor makes any arguments that due process requires more than she received. Instead, the remainder of her arguments, *e.g.*, that Dr. Zhang's report constitutes "new and material" evidence, go to the merits of Plaintiff's "good cause" argument under 20 CFR § 404.988[4] and are therefore beyond the scope of the Court's consideration of whether a colorable constitutional claim is raised. *See, e.g., Munson v. Berryhill*, No. C16-5737-TSZ, 2017 WL 3225499, at *3 (W.D. Wash. July 31, 2017) (declining to consider the merits of the plaintiff's "good cause" argument because "the Court is limited to considering whether a colorable constitutional claim is raised."). Accordingly, the Court finds that Plaintiff has failed to raise a colorable due process claim, *see Klemm*, 543 F.3d at 1145, and it is therefore without jurisdiction to review the Appeals Council's refusal to reopen her DIB application.

**B.     The ALJ's Decision is Not Supported by Substantial Evidence**

Plaintiff also challenges the ALJ's decision on the basis that it fails to consider Plaintiff's

---

[4] Section 404.988 of Title 20 of the Code of Federal Regulations sets forth a variety of circumstances under which the Commissioner may reopen a prior determination or claim. Subsection (b) of the regulation provides that a determination or decision may be reopened "[w]ithin four years of the date of the notice of the initial determination if we find 'good cause', as defined in § 404.989, to reopen the case." 20 C.F.R. § 404.988. Section 404.989 provides that "good cause" to reopen a determination or decision will be found if: "(1) New and material evidence is furnished; (2) A clerical error in the computation or recomputation of benefits was made; or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made." *Id*. § 404.989.

8

mental health impairments in formulating the RFC, particularly in view of Dr. Zhang's report, which was submitted for the first time to the Appeals Council. (*See* Doc. 16 at 7–8.) Where the Appeals Council considers additional evidence in denying review of the ALJ's decision, that evidence is deemed to be part of the administrative record that a court must evaluate when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012).

As set forth above, when Plaintiff requested Appeals Council review of the ALJ's decision, she submitted additional evidence: a Psychological Evaluation report of Dr. Zhang, dated May 23, 2015. (AR 2, 31–36, 184.). The Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." (AR 2.) As other courts have recently pointed out, the Appeals Council's statement is ambiguous, *i.e.*, it is not clear how the Appeals Council determined that the new evidence would not impact the outcome while simultaneously not considering it. *See, e.g., Deliny S. v. Berryhill,* No. CV 17-06328-DFM, 2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) (describing Appeals Council's statement as "ambiguous" but assuming it considered the new evidence); *Mayeda-Williams v. Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019) (same).

Like *Deliny S*. and *Mayeda-Williams*, the Court finds that the most plausible interpretation of the Appeals Council's explanation is that the Council did in fact *consider* Dr. Zhang's report, but determined that it would not change the outcome of Plaintiff's case.[5] *See id*. *See also, e.g., Patrick K. G. v. Saul*, Case No. SA CV 18-01156-RAO, 2019 WL 2613456, at *9 (C.D. Cal. June 26, 2019) ("Although the Appeals Council stated that it 'did not consider' Plaintiff's new evidence, it appears that the Appeals Council necessarily did consider the evidence in order to determine that it 'does not show a reasonable probability that it would change the outcome of the decision.'"); *Truong v. Berryhill*, No. 17-cv-02179-BEN (RNB), 2018 WL 6198279, at *3 (S.D. Cal. Nov. 28, 2018) (Appeals Council's statement is a "*non sequitur,*" as the Council "had to consider the

---

[5] Moreover, in considering Dr. Zhang's report, the Appeals Council must also have found good cause under 20 C.F.R. § 404.970(b) for its submission. *See id*. (Appeals Council will only consider additional evidence that is submitted for the first time to the Council if a claimant shows good cause for not timely submitting the evidence to the ALJ).

9

additional evidence to find that it did 'not show a reasonable probability that it would change the outcome of the decision.'"); *Linnehan v. Berryhill*, No. 17-CV-04146-JSC, 2018 WL 6267846, at *8 (N.D. Cal. July 31, 2018) (Appeals Council "cannot consider the evidence to conclude that it 'does not show a reasonable probability that it would change the outcome of the decision' and then exclude the evidence from the record based on the illogical conclusion that '[w]e did not consider and exhibit this evidence.'"). The Court therefore addresses this additional evidence.[6]

Following an examination during the relevant time period (AR 31–35), psychologist Dr. Zhang opined Plaintiff had mild impairment in the following areas: the ability to interact appropriately with co-workers, supervisors, and the public; the ability associated with daily work activity, including attendance and basic safety; the ability to maintain consistent attendance and to perform routine work duties; the ability to perform work activity without special or additional supervision. (AR 36.) Plaintiff's ability to understand, remember, and carry out detailed and complex instructions; her ability to maintain concentration, persistence, and pace in common work settings; and her ability to respond appropriately to usual work situations and to changes in a routine work setting were deemed by Dr. Zhang to be moderately impaired. (AR 36.)

Giving Dr. Zhang's report the full consideration it deserves as part of the record on appeal, it is clear that the ALJ's decision—particularly her RFC assessment—is not supported by substantial evidence.[7] The ALJ did not have the opportunity to address Dr. Zhang's assessment, which contains limitations that could impact the ALJ's RFC and/or disability finding. Indeed, in determining Plaintiff's RFC, the ALJ did not include or discuss Dr. Zhang's opined—or any other—functional limitations related to Plaintiff's mental impairments (*see* AR 21–24). *See Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998) (The ALJ must assess all of the relevant evidence, including evidence regarding symptoms that are not severe, to determine if the claimant retains the ability to work on a "regular and continuing basis," e.g., eight hours a day, five days a

---

[6] The Commissioner devotes several pages in its opposition to the argument that that Appeals Council's decision to deny review was proper. (*See* Doc. 21 at 9–10.) Plaintiff, however, is not contending that the Appeal Council's decision to deny his request for review should be reversed. Instead, as Defendant correctly points out in at page 8 of its opposition, "the real issue is whether, considering the new evidence, the ALJ's decision is supported by substantial evidence," citing *Brewes*. (*See id*. at 8.)

[7] It bears noting that, contrary to the Commissioner's assertion (*see* Doc. 21 at 10–13), Plaintiff limits his challenge to the ALJ's RFC assessment and does not contest her findings at step two. (*See* Doc. 7–8.)

week.).

**C.     Remand for Further Proceedings is Appropriate**

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ did not have the opportunity to consider, in the first instance, Dr. Zhang's report. Having found Dr. Zhang's report properly part of the record, the ALJ must evaluate it to determine its impact on Plaintiff's RFC and the ultimate question of Plaintiff's disability. Remand for further proceedings is therefore the appropriate remedy. *See Vasquez v. Astrue,* 572 F.3d 586, 597 (9th Cir. 2009) (remanding to allow ALJ to assess results of psychological testing, considered by the Appeals Council, and how claimant's limitations affect her residual functional capacity); *Greyeagle v. Berryhill*, No. 2:16-CV-02514 AC, 2018 WL 1335513, at *5 (E.D. Cal. Mar. 15, 2018); *Villalobos v. Colvin,* No. CV 13–1119–JPR, 2014 WL 2761442, at *6–7 (C.D. Cal. June 18, 2014).

**V.     CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Barbara McLaughlin and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:     **July 15, 2019**                              /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE